RODRÍGUEZ, PLAINTIFF AND APPELLEE, v. BOSCH BROTHERS, DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Guayama in an Action of Unlawful Detainer.

No. 3062.—Decided December 14, 1923.

UNLAWFUL DETAINER— LEASE— TERM OF LEASE— BURDEN OF PROOF. — When a monthly rent is fixed it is understood that the lease is for months, in accordance with section 1484 of the Civil Code, and the burden is on the defendant in an action of unlawful detainer to show the existence of a longer term.

ID.—ID.—ID.—EVIDENCE.—The party maintaining a conclusion based on circumstantial evidence must show that such evidence is inconsistent with other reasonable theories.

ID.—ID.—ID.—INTERPRETATION OF CONTRACT.—Section 1256 of the Civil Code governing the transmission of rights when there is doubt in the interpretation of a contract, does not apply to a state of facts where one party maintains a certain length of lease and the other party maintains a different one. Section 1256 more particularly applies to a case where the words, expressions or acts are agreed upon or assumed and the court is asked to interpret their meaning.

ID.—ID.—CAPACITY OF DEFENDANT—PLEADING—JURISDICTION—HARMLESS ERROR.

—When notwithstanding the fact that the complaint does not determine categorically the capacity of the defendant, he appears and does not raise any jurisdictional question, the error is harmless and section 142 of the Code of Civil Procedure is applicable.

ID.—ID.—TACIT RENEWAL.—A defendant in unlawful detainer can not raise the question of a tacit renewal when the summons ·was served upon him before the expiration of the first fifteen days of the month.

The facts are stated in the opinion.

*Messrs. R. Rivera Zayas* and *A. M. Villamil* for the appellants.

*Mr. M. A. Martínez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

We are in substantial accord with the opinion and judgment of the District Court of Guayama in this unlawful detainer case. The appellee was the lessee of a house in the country which he sublet to the defendant firm to cure and store its tobacco for the period in 1921 and 1922 necessary for that purpose. In August, 1922, the parties agreed that the defendant should continue in possession of the house at the same rental, namely $100 per month. The principal controversy in this case was over the length of the term of the new contract.

After an examination of the evidence the court held that section 1484 of the Civil Code was applicable, as follows:

"Sec. 1484.—Should a term not have been fixed for the lease, it is understood for years, when an annual rent has been fixed, for months, when the rent is monthly, and for days, when it is daily.

"In every case the lease ceases without the necessity of a special notice upon the expiration of the term."

Hence, if there was a definite term for the lease the burden was on the defendant firm to show it, as otherwise the renewal must be considered as a monthly term. Here, as found by the court below, there was a clear conflict in the evidence. The complainant gave positive testimony tending to show that he leased the premises to the defendant until such time as he would need them and a member

of the firm of Bosch Bros. testified equally positively that the new term was to allow the firm to make the crop of 1922–23. The court, however, found that Angel Bosch, on being served with process, said he would yield the place as soon as he found another one, a statement that the court thought inconsistent with the existence of the term insisted upon by the appellant firm. The appellant maintains that it was supported by other witnesses, but the court found their statements vague and unsatisfactory, a conclusion we see no reason to impugn. The burden, as we have said, was on the defendant to show the existence of a longer term to the satisfaction of the trial court.

Appellant also draws attention to the circumstances as showing a renewal to make the crop of 1923. As in other cases of circumstantial evidence, the party maintaining a conclusion must show that the proof is inconsistent with other reasonable theories. The complainant's version as to a premissive use until he needed the house is not an unreasonable theory.

Appellant also maintains that section 1256 of the Civil Code is applicable. That section follows:

"Sec. 1256.—When it should be absolutely impossible to decide the doubts by the rules established in the preceding sections, if they deal with incidental circumstances of the contract, and said contract involves a good consideration, they shall be decided in favor of the smallest transmission of rights and interest. Should the contract involve a valuable consideration, the doubt shall be decided in favor of the greatest reciprocity of interests."

But this clause has evidently no application to a state of facts where one party maintains a certain length of lease and the other party maintains a different one. Section 1256 more particularly applies to a case where the words, expressions or acts are agreed upon or assumed and the court is asked to construe or interpret their meaning.

While not the main question in the case, the second assign-

ment of error raises some doubts. The complaint contained the following words:

"1. The plaintiff is of age and the defendant is doing business in the town of Cayey under the name of Bosch Brothers, the plaintiff being unaware that defendant has constituted a partnership."

The appellant maintains that the capacity of the defendant was not determined in the complaint. This objection was answered by the court by saying that even if the existence of Bosch Brothers as a juridical entity was not proved, there was a presumption (Law of Evidence, section 102, paragraph 28) that persons acting as copartners have entered into a contract of copartnership. But the objection ran to the averment and not to proof at the trial. The averment is susceptible, however, of alleging very vaguely the existence of an entity, a partnership firm common in Porto Rico. Service was accepted and a defendant appeared who did not question the jurisdiction acquired by the court, but simply demurred. Given this quoted averment and given the failure of defendant to question the jurisdiction, we shall apply section 142 of the Code of Civil Procedure, as follows:

"Sec. 142.—The court must, in every state of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

As appellant was served with summons in this case before the expiration of the first fifteen days of the month, no question of new leasing (*tácita reconducción*) could arise.

We find no abuse of discretion in imposing the costs, and the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.